# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 27, 1991

Honorable Abelardo Garza
Duval County Attorney
Duval County Courthouse
P. O. Drawer M
San Diego, Texas 78384

Opinion No. DM-12

Re: Whether a board member of a conservation and reclamation district may serve simultaneously as the district's manager (RQ-2192)

Dear Mr. Garza:

You have requested our opinion as to whether a board member of a conservation and reclamation district may serve simultaneously as the district's manager. You state that an individual board member of the Duval County Conservation and Reclamation District has been appointed as manager of the district at a salary of $1,500.00 per month.

The district was created in 1949 as the Jim Wells-Duval Counties Conservation and Reclamation District. Acts 1949, 51st Leg., ch. 398, at 737. In 1963, the district's boundaries were changed so as to be limited to Duval County. Acts 1963, 58th Leg., ch. 452, at 1164. Sections 1, 2 and 3 of the enabling legislation now provide, in pertinent part:

> Under and pursuant to the provisions of Article 16, Section 59, of the Constitution of Texas, there is hereby created within the State of Texas . . . a conservation and reclamation district to be known as the Duval County Conservation and Reclamation District . . . consisting of that part of the State of Texas which is included within the boundaries of Duval County, exclusive of that part of Duval County comprising the Freer Water Control and Improvement District, of Duval County.

> The District shall have and exercise, and is hereby vested with all of the rights, powers, privileges and duties conferred and imposed by the General Laws of this State now in force or

> hereafter enacted, applicable to water control and improvement districts created under authority of Section 59, Article 16 of the Constitution, but to the extent that the provisions of any such General Laws may be in conflict or inconsistent with the provisions of this Act, the provisions of this Act shall prevail. All such General Laws are hereby incorporated by reference with the same effect as if incorporated in full in this Act.

> The management and control of the District is hereby vested in a board of directors which shall have all the powers and authority conferred and imposed upon boards of directors of Water Control and Improvement Districts . . . . The board of directors shall be composed of four (4) members who shall have the same qualifications as directors of Water Control and Improvement Districts. (Emphasis added.)

One of the "powers" conferred on a board of directors of a water control and improvement district is the power to employ a general manager. Chapter 51 of the Water Code is applicable to water control and improvement districts. Section 51.083 thereof declares:

> The board may employ a general manager and give him full authority in the management and operation of the affairs of the district subject only to the orders of the board.

Section 51.084 then states:

> Except as provided in Section 50.026(a) of this code, a director may be employed as general manager with compensation fixed by the other four directors. When so employed, he shall continue to perform the duties of a director.

Clearly, section 51.083 is applicable to the Duval County Conservation and Reclamation District, since the employment of a general manager is one of the "powers . . . conferred . . . upon boards and directors of Water Control and Improvement Districts." The question then becomes whether section 51.084 is also applicable to the board, since that provision assumes that there are *five* directors rather than four.

All of chapter 51 of the Water Code, which governs water control and improvement districts, contemplates a five-member board of directors. Water Code § 51.071. Nevertheless, the enabling legislation for the Duval County Conservation and Reclamation District directs that the board of directors shall have "all the powers and authority conferred upon boards of directors of Water Control and Improvement Districts." Furthermore, it also provides that the "General Laws are . . . incorporated by reference." As we have indicated, the enabling legislation provides that, in the event of conflict with the general laws, the enabling legislation prevails. *See generally* Acts 1925, 39th Leg., ch. 25, at 86 (adopting substance of chapter 51).

We do not believe that there is any necessary conflict between the provision of the enabling legislation for *four* directors, and the authority of the board to employ a director as general manager under section 51.084. The latter is not dependent for its meaning upon any particular number of directors. It simply declares that a director may be employed as general manager, and his compensation fixed by the other directors. In our opinion, the reference in section 51.084 to the "other four directors" is simply a reflection of the fact that chapter 51 contemplates a five-member board, not a reflection of legislative intent that five directors are necessary to permit a director to be general manager.

Since we have concluded that section 51.084 applies to the Duval County Conservation and Reclamation District, we must now determine the applicability of the proviso to section 51.084, *i.e.*, section 50.026(a) of the Water Code.

Section 50.026 provides, in part:

> (a) A person is disqualified from serving as a member of a governing board of a district which was created under this title or by special act of the legislature, which is providing or proposing to provide, as the district's principal function, potable water, sewer, drainage, and flood control or protection facilities or services, or any of these facilities or services to household, commercial, or industrial users, other than agricultural or irrigation users; and which district includes less than all the territory in at least one county and which, if located within the corporate area of a city or cities, includes within its boundaries less than 75 percent of the incorporated area of the city or cities if:

. . . .

(2) he is an employee of any developer of property in the district, *or any director, manager, engineer, or attorney for the district.*

. . . .

(4) he is serving as an attorney, consultant, engineer, manager, architect, or in some other professional capacity for the district or a developer of property in the district in connection with the district or property located in the district. (Emphasis added.)

You indicate that the principal function of the district "is the provision of potable water, sewer, drainage, flood control, and protection services, [... and that it ] also serves household, commercial, industrial, or agricultural and irrigation users." You also state that "the District includes the entire Cities of San Diego and Benavides. The Duval County Conservation and Reclamation District also provides services to unincorporated cities of Realitos, Concepcion, and Ramirez."

As indicated in the district's enabling legislation, the Duval County Conservation and Reclamation District includes "less than all the territory in at least one county," which is one of the stipulations of section 50.026(a). The remaining condition necessary for a district to fall within the coverage of subsection (a) of section 50.026 is that the district, "if located within the corporate area of a city or cities," include within its boundaries "less than 75 percent of the incorporated area of the city or cities." The district is in fact located within the area of two incorporated cities--San Diego and Benevides--and the district encompasses the entire area of both cities. Therefore, the district does *not* "include within its boundaries *less* than 75 percent of the incorporated area of the city or cities." (Emphasis added.) As a result, not all conditions of subsection (a) of section 50.026 are satisfied by the Duval County Conservation and Reclamation District, and thus, that section is not applicable to the district.

We conclude that, since section 50.026(a) of the Water Code is not in this case applicable to the district, there is no impediment to a director being simultaneously employed as the district's general manager, "with compensation fixed

by the other [three] directors." Water Code § 51.084. Accordingly, in the situation you pose, a board member of the Duval County Conservation and Reclamation District may serve simultaneously as the district's manager.

## SUMMARY

A board member of the Duval County Conservation and Reclamation District may serve simultaneously as the district's manager, if his compensation is fixed by the remaining directors.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

SUSAN GARRISON
Acting Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General